Matter of Milton R. (2021 NY Slip Op 04975)





Matter of Milton R.


2021 NY Slip Op 04975


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-08882 
2017-11667
2017-12293
2018-01198
2018-01642
2018-01643
 (Index No. 31875/16)

[*1]In the Matter of Milton R. (Anonymous). Michael Rabinowitz, petitioner-respondent; Stephen Rabinowitz, appellant, et al., respondents; Joy Denton, etc., nonparty- respondent.


Farrell Fritz, P.C., Uniondale, NY (John J. Barnosky and Frank T. Santoro of counsel), for appellant.
Kohan Law Group, P.C., Manhasset, NY (Michael Kohan of counsel), for petitioner-respondent.
Craco & Ellsworth, LLP, Huntington, NY (Andrew C. Ellsworth of counsel), for nonparty-respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, inter alia, to appoint a guardian of the property of Milton R., an alleged incapacitated person, Stephen Rabinowitz appeals from (1) an order of the Supreme Court, Nassau County (Daniel R. Palmieri, J.), entered July 3, 2017, (2) a money judgment of the same court dated July 20, 2017, (3) a decision of the same court dated July 24, 2017, (4) a money judgment of the same court entered October 10, 2017, (5) a money judgment of the same court also entered October 10, 2017, and (6) a money judgment of the same court entered October 11, 2017. The order entered July 3, 2017, insofar as appealed from, granted that branch of the petitioner's motion which was for an award of attorney's fees. The money judgment dated July 20, 2017, insofar as appealed from, upon the order entered July 3, 2017, is in favor of nonparty Sheryl-Anne Sastow and against Stephen Rabinowitz in the principal sum of $25,165.00. The first money judgment entered October 10, 2017, upon the order entered July 3, 2017, and the decision dated July 24, 2017, is in favor of the petitioner and against Stephen Rabinowitz in the total sum of $118,801.58. The second money judgment entered October 10, 2017, upon the order entered July 3, 2017, and the decision dated July 24, 2017, is in favor of the petitioner and against Stephen Rabinowitz in the total sum of $54,454.72. The money judgment entered October 11, 2017, is in favor of the petitioner and against Milton R. in the total sum of $1,175.67.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, that branch of the petitioner's motion which was for an award of attorney's fees is denied, and the money judgment dated July 20, 2017, and the two money judgments entered October 10, 2017, are vacated; and it is further,
ORDERED that the appeals from the money judgment dated July 20, 2017, and the two money judgments entered October 10, 2017, are dismissed as academic in light of our determination on the appeal from the order; and it is further,
ORDERED that the appeal from the decision dated July 24, 2017, is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the appeal from the money judgment entered October 11, 2017, is dismissed as abandoned; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
Since Stephen Rabinowitz (hereinafter Stephen) raises no argument in his briefs with respect to his appeal from the money judgment entered October 11, 2017, which is in favor of the petitioner, Michael Rabinowitz (hereinafter Michael), and against the alleged incapacitated person, Milton R. (hereinafter Milton), in the total sum of $1,175.67, the appeal from that money judgment must be dismissed as abandoned (see Delijani v Delijani, 100 AD3d 951, 952; Seaway Capital Corp. v 500 Sterling Realty Corp., 94 AD3d 856, 857).
In March 2016, Michael commenced this proceeding pursuant to Mental Hygiene Law article 81, seeking, inter alia, appointment of a permanent guardian of the property of his father, Milton, and removal of his brother, Stephen, as Milton's attorney-in-fact and health care agent. The parties involved in the proceeding were Milton and his four children, including Michael and Stephen. Following mediation, the parties entered into a settlement agreement resolving the proceeding, which was so-ordered by the Supreme Court on May 17, 2016. The agreement contained a mandatory mediation provision that was to be invoked to resolve any future disputes among the parties before litigation could commence. The settlement agreement also provided that the "prevailing party" in litigation arising out of the agreement would be entitled to recovery of attorney's fees from the defaulting party.
Shortly after the settlement agreement was executed, disputes arose among the parties. Michael requested mediation to resolve the various issues, but Stephen refused to mediate. As a result, Michael moved, inter alia, to recover damages for breach of contract alleging that Stephen breached the settlement agreement by, among other things, refusing to mediate and failing to provide aides to care for Milton, to remove Stephen as Milton's attorney-in-fact and health care agent, and for an award of attorney's fees pursuant to the settlement agreement's fee shifting provision.
Following an evidentiary hearing, by order entered July 3, 2017, the Supreme Court denied Michael's request to remove Stephen as Milton's attorney-in-fact and health care agent. However, the court determined that Stephen breached the settlement agreement by refusing to mediate. The court also granted that branch of Michael's motion which was for an award of attorney's fees pursuant to the settlement agreement's fee shifting provision. Thereafter, the court conducted an inquest to determine the amount of attorney's fees. Following the inquest, the court, inter alia, issued a money judgment dated July 20, 2017, and two money judgments entered October 10, 2017. Stephen appeals.
"Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491; see Flemming v Barnwell Nursing Home & Health Facilities, Inc., 15 NY3d 375, 379; LG Funding, LLC v Johnson & Son Locksmith, Inc., 170 AD3d 1153, 1154). "'[O]nly a prevailing party is entitled to recover an attorney's fee' and '[t]o be considered a prevailing party, a party must be successful with respect to the central relief sought'" (Village of Hempstead v Taliercio, 8 AD3d 476, 476, quoting Fatsis v 360 Clinton Ave. Tenants Corp., 272 AD2d 571, 571; see O'Donnell v JEF Golf Corp., 173 AD3d 1528, 1532). "Such a determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope" (DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d 774, 776 [alterations and internal quotation marks omitted]).
Here, considering the true scope of the dispute litigated and what was achieved within that scope, we conclude that neither party was entitled to attorney's fees and costs as a prevailing party (see Free People of PA LLC v Delshah 60 Ninth, LLC, 169 AD3d 622, 623; Blue Sage Capital, L.P. v Alfa Laval U.S. Holding, Inc., 168 AD3d 645, 646).
Stephen's remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court