Matter of Diontae B. P. (Trigoboff) (2023 NY Slip Op 01799)

Matter of Diontae B. P. (Trigoboff)

2023 NY Slip Op 01799

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-13040
 (Index No. 100224/07)

[*1]In the Matter of Diontae B. P. (Anonymous). Jil P. (Anonymous), et al., petitioners-appellants; Kim F. Trigoboff, nonparty-appellant; Christine Mooney, et al., nonparty-respondents.

Kim F. Trigoboff (Perry S. Friedman, New York, NY, of counsel), nonparty-appellant pro se and for petitioners-appellants and
Gina-Marie LoBraico-Reitano, Staten Island, NY, for nonparty-respondents.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, the petitioners and nonparty Kim F. Trigoboff appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 12, 2019. The order, insofar as appealed from, granted (1) that branch of the cross-motion of Christine Mooney, the guardian of the property of Diontae B. P., which was pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees against the petitioners and nonparty Kim F. Trigoboff, and in favor of nonparty Anthony J. Lamberti, in the sum of $2,406.25, and (2) that branch of the separate cross-motion of Christine Mooney which was pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees against the petitioners and nonparty Kim F. Trigoboff, and in favor of nonparty Gina-Marie Reitano, in the sum of $2,406.25.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this proceeding pursuant to Mental Hygiene Law article 81, the Supreme Court appointed Christine Mooney as the guardian of the property of the incapacitated person in February 2008. In December 2017, the court appointed nonparty Anthony J. Lamberti as counsel to Mooney to represent her in connection with the guardianship's interests concerning certain real property at which the incapacitated person resided, which was the subject of a mortgage foreclosure action.
In January 2018, Mooney moved, inter alia, to resign as guardian of the property and to file a final accounting. The Supreme Court held those branches of her motion in abeyance pending resolution of the mortgage foreclosure action. In November 2018, while those branches of Mooney's motion were pending, the petitioners, who were represented by nonparty Kim F. Trigoboff, submitted to the court a proposed order to show cause seeking, among other things, to permit and accept Mooney's resignation. The court declined to sign the order to show cause.
In December 2018, the petitioners, by Trigoboff, filed objections to the guardianship accountings of Mooney for the years 2015, 2016, and 2017 (hereinafter the guardianship accountings). In January 2019, the Supreme Court authorized Mooney to privately retain Gina-Marie Reitano to represent her in connection with the objections.
In March 2019, while the branches of Mooney's motion which were to resign as guardian of the property and to file a final accounting were still pending, the petitioners, by Trigoboff, moved to remove Mooney as guardian of the property, to direct her to submit a final accounting, and to permit payment of Trigoboff's fees from guardianship funds. In support of their motion, the petitioners advanced the same contentions that they raised in their objections to the guardianship accountings.
In April 2019, the Supreme Court, inter alia, confirmed the court examiner's report approving of the guardianship accountings and determined that the petitioners' objections were without merit.
Thereafter, Mooney cross-moved, inter alia, pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees against the petitioners and Trigoboff, and in favor of Lamberti, and separately cross-moved, among other things, pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees against the petitioners and Trigoboff, and in favor of Reitano. The court examiner submitted an affirmation, inter alia, in support of those branches of the cross-motions. In an order dated August 12, 2019, the Supreme Court, among other things, denied the petitioners' motion, granted that branch of Mooney's cross-motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees against the petitioners and Trigoboff, and in favor of Lamberti, in the sum of $2,406.25, and granted that branch of Mooney's separate cross-motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees against the petitioners and Trigoboff, and in favor of Reitano, in the sum of $2,406.25. The petitioners and Trigoboff appeal.
Pursuant to 22 NYCRR 130-1.1(a), the court has the discretion to "award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct." For purposes of 22 NYCRR 130-1.1(c), "conduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false."
Here, contrary to the contention of the petitioners and Trigoboff, the Supreme Court providently exercised its discretion in awarding costs in the form of reasonable attorney's fees to the two attorneys representing Mooney. The frivolous conduct included, among other things, moving to have Mooney removed as guardian of the property while the branch of Mooney's motion which was to resign as guardian of the property was pending before the court (see Kornblum v Kornblum, 34 AD3d 749, 751), and failing to withdraw that motion once the court had determined that the contentions raised in connection with the petitioners' motion, which were the same contentions raised in connection with the guardianship accountings, were without merit (see Kamen v Diaz-Kamen, 40 AD3d 937, 937-938). Also, contrary to the contention of the petitioners and Trigoboff, under the circumstances, the court did not err in awarding attorney's fees to both attorneys.
CONNOLLY, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court