Rooney v Ying Zhou (2023 NY Slip Op 06268)

Rooney v Ying Zhou

2023 NY Slip Op 06268

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2019-12287
2020-06760
 (Index No. 5779/16)

[*1]Christopher Rooney, et al., respondents, 
v
Ying Zhou, appellant

Gail M. Blasie, P.C., Garden City, NY, for appellant.
V. Roy Cacciatore, Freeport, NY, for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant appeals from (1) a judgment of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered August 22, 2019, and (2) an order of the same court dated October 28, 2019. The judgment, insofar as appealed from, upon an order of the same court dated June 18, 2019, denying the defendant's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated May 15, 2019, granting, as unopposed, the plaintiffs' motion for summary judgment on the issue of liability, is in favor of the plaintiffs and against the defendant in the total sum of $100,118.86. The order dated October 28, 2019, insofar as appealed from, denied that branch of the defendant's motion which was for leave to renew its motion, in effect, to vacate the order dated May 15, 2019.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof in favor of the plaintiffs and against the defendant in the total sum of $100,118.86, and substituting therefor a provision in favor of the plaintiffs and against the defendant in the total sum of $24,144.62; as so modified, the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated October 28, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The plaintiffs and the defendant own adjoining parcels of residential property located in Nassau County. From the time that they purchased their parcel in 2011, the plaintiffs maintained a previously existing natural fence of shrubs and trees near the parcels' shared boundary. In 2015, the defendant obtained a survey allegedly showing that the shrubs and trees, among other items belonging to the plaintiffs, were located on the defendant's side of the boundary. The defendant then cut down the shrubs and trees and erected a temporary fence one foot from the plaintiffs' home without the plaintiffs' permission.
In August 2016, the plaintiffs commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title. The defendant answered the complaint. On or about February 22, 2019, the [*2]plaintiffs moved for summary judgment on the issue of liability, relying upon, among other things, deposition testimony, various surveys, and an expert affidavit from a surveyor, Stanley E. Levine. After one adjournment of the return date of the motion, the defendant requested an additional 60-day adjournment in order to obtain an expert affidavit from a surveyor to rebut the affidavit of the plaintiffs' expert. The Supreme Court scheduled a conference for May 3, 2019, but then moved it up to May 1, 2019. Although the defendant's counsel informed the court that he would be out of town on the date of the conference, the court told him to hire per diem counsel to attend the conference and discuss a possible adjournment. At the May 1, 2019 conference, counsel did not appear for the defendant. By order dated May 15, 2019, the court granted the plaintiffs' motion "without opposition" and set the matter for an inquest on the issue of damages (hereinafter the order granting summary judgment).
On or about May 31, 2019, the defendant moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the order granting summary judgment. By order dated June 18, 2019, the Supreme Court denied the motion, determining that the defendant had not established a reasonable excuse for the default or a meritorious defense to the action. After an inquest on the issue of damages, on August 22, 2019, the Supreme Court entered a judgment, inter alia, in favor of the plaintiffs and against the defendant in the total sum of $100,118.86.
The defendant thereafter moved, among other things, for leave to renew her prior motion, in effect, to vacate the order granting summary judgment. In support of the motion, the defendant submitted an affidavit from a surveyor which would have allegedly changed the Supreme Court's prior determination. By order dated October 28, 2019, the court, inter alia, denied that branch of the motion, concluding that the affidavit did not establish the defendant's entitlement to vacatur of the default. The defendant appeals from the judgment and the order dated October 28, 2019.
A party seeking to vacate an order entered upon its default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see Serbian Spruce Assoc., Ltd. v U.W. Marx, Inc., 211 AD3d 1067, 1068; Singh v Sukhu, 180 AD3d 834, 836). "The determination of what constitutes a reasonable excuse lies within the trial court's discretion" (Singh v Sukhu, 180 AD3d at 836 [internal quotation marks omitted]; see Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252). "However, in making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Quercia v Silver Lake Nursing Home, Inc., 176 AD3d 1244, 1246; see Crevecoeur v Mattam, 172 AD3d 813, 814).
Here, contrary to the Supreme Court's determination, the defendant provided a reasonable excuse for her default in opposing the plaintiffs' motion for summary judgment on the issue of liability (see generally Political Mktg., Int'l, Inc. v Jaliman, 67 AD3d 661, 661). Among other reasons, the defendant's counsel reached out in advance of the rescheduled conference to advise that he would be out of town for a week, and counsel would have been available for a conference a mere five days after the rescheduled conference date. Under these circumstances, requiring the defendant's counsel to hire a per diem attorney to address a pending summary judgment motion, rather than choosing a different date for the conference, was not warranted. Further, given the relatively short duration of time between the initial filing of the plaintiff's summary judgment motion and the conference in question—a little more than two months—a rescheduled conference date or a second opportunity for counsel to appear would have been reasonable.
However, the Supreme Court correctly determined that the defendant failed to demonstrate the existence of a potentially meritorious defense to the motion (see generally Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670). The defendant's motion, in effect, to vacate the order granting summary judgment did not include an expert affidavit or any other submissions that would raise a triable issue of fact as to the boundary line established by the plaintiffs' submissions.
The Supreme Court providently exercised its discretion in denying that branch of the [*3]defendant's subsequent motion which was for leave to renew her prior motion, in effect, pursuant to CPLR 5015(a)(1) to vacate the order granting summary judgment. Pursuant to CPLR 2221(e), a motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior determination and shall contain reasonable justification for the failure to present such facts on the prior motion" (Hernandez v Nwaishienyi, 148 AD3d 684, 686-687 [internal quotation marks omitted]; see CPLR 2221[e][2], [3]). "A motion for leave to renew is addressed to the sound discretion of the court" (Atalaya Asset Income Fund II, L.P. v 219 Sagg Main, LLC, 206 AD3d 870, 871 [internal quotation marks omitted]). Here, the defendant failed to establish that the purportedly new facts would have changed the prior determination (see CPLR 2221[e][2]; Globe Trade Capital, LLC v Hoey, 199 AD3d 775, 776; Greene v Rachlin, 154 AD3d 818, 819). Among other reasons, in the expert affidavit attached to the motion, the defendant's expert failed to opine as to the exact boundary between the parcels.
Contrary to the defendant's contention, the Supreme Court had a basis in law to award attorneys' fees. Generally, "attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute, or court rule" (Matter of Milton R., 197 AD3d 1174, 1176 [internal quotation marks omitted]). However, in its discretion, a court may award a party in a civil action "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees . . . resulting from frivolous conduct" (22 NYCRR 130-1.1[a]; see Falco v Miller, 170 AD3d 661, 662; Hutter v Citibank, N.A., 142 AD3d 1049). "Conduct is frivolous under 22 NYCRR 130-1.1 if it is 'completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law' or it is 'undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another'" (Falco v Miller, 170 AD3d at 662-663, quoting 22 NYCRR 130-1.1[c][1], [2]; see Notaro v Performance Team, 161 AD3d 1092, 1093). Here, the record reflects that the defendant's conduct during the litigation was frivolous. Among other things, the defendant failed to turn over a survey of her property, which she commissioned in 2007, demonstrating that the boundary alleged by the plaintiffs was accurate.
However, the Supreme Court erred in awarding treble damages. At the inquest, the court awarded treble damages pursuant to RPAPL 861, which permits a party to recover treble the stumpage value of any underwood, tree, or timber removed by a party without consent of the owner (see Fair Chase Holdings II, LLC v County of Dutchess, 165 AD3d 1237). "RPAPL 861(1) provides that only the stumpage value is to be trebled" (Fair Chase Holdings II, LLC v County of Dutchess, 165 AD3d at 1238, citing Halstead v Fournia, 134 AD3d 1269, 1270). The term stumpage value is defined as "the current fair market value of a tree as it stands prior to the time of sale, cutting, or removal," and the methodology for such valuation is set forth in the statute (RPAPL 861[3]). Here, the plaintiffs did not seek to recover stumpage value and they did not submit any proof as to the stumpage value of the trees and shrubs removed by the defendant.
Further, the Supreme Court erred in awarding attorneys' fees incurred on or after February 23, 2019. Although proof was submitted as to attorneys' fees and costs incurred prior to February 23, 2019, there was no evidence adduced, or even a proffer, as to the amount of attorneys' fees allegedly incurred on or after February 23, 2019.
Accordingly, we modify the judgment by deleting the provision thereof in favor of the plaintiffs and against the defendant in the total sum of $100,118.86, and substituting therefor a provision in favor of the plaintiffs and against the defendant in the total sum of $24,144.62, which reflects the amount requested by the plaintiffs at the inquest prior to trebling and prior to the addition of an award for attorneys' fees allegedly incurred on or after February 23, 2019.
BARROS, J.P., CONNOLLY, MILLER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court