Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc. (2024 NY Slip Op 02610)

Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc.

2024 NY Slip Op 02610

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 158949/17 Appeal No. 2259 Case No. 2023-00511 

[*1]Maktumma Teshabaeva, et al., Plaintiffs-Respondents,
v
Family Home Care Services of Brooklyn and Queens, Inc., et al., Defendants-Appellants.

Ford Harrison LLP, New York (Richard Bahrenburg of counsel), for appellants.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondents.

Order, Supreme Court, New York County (Richard Latin, J.), entered December 21, 2022, which, insofar as appealed from, in this class action, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs, and defendants sanctioned (22 NYCRR 130-1.3) in the amount of $10,000, payable to the Clerk of Supreme Court, New York County, for transmittal to the Commissioner of Taxation and Finance.
This is defendants' fourth appeal to this Court, in which they raise the same issues that they have had a full and fair opportunity to litigate in their three prior appeals. We find that the law of the case doctrine applies to the instant matter as this Court has expressly and unambiguously rejected defendants' preemption, res judicata, and jurisdictional arguments on three occasions (see 220 AD3d 519 [1st Dept 2023]; 214 AD3d 442 [1st Dept 2023]; 198 AD3d 500 [1st Dept 2021], lv denied 38 NY3d 902 [2022], appeal dismissed 38 NY3d 945 [2022]). The law of the case doctrine "is a rule of practice premised upon a sound policy that once an issue is judicially determined, further litigation of that tissue should be precluded in a particular case" (Matter of Part 60 RBMS Put-Back Litig., 195 AD3d 40, 47 [1st Dept 2021]). "It applies to prevent the parties or those in privity from relitigating an issue decide in an ongoing action where there previously was a full and fair opportunity to address the issue" (Aspen Specialty Ins. Co. v RLI Ins. Co., Inc., 194 AD3d 206, 212 [1st Dept 2021] [internal quotation marks omitted]). Defendants have not demonstrated that subsequent evidence or a change in law warrants a different result (see NAMA Holdings, LLC v Greenberg Traurig LLP, 92 AD3d 614, 614 [1st Dept 2012]).
Given the above, we conclude that defendants' appeal from the motion court's order was frivolous, and therefore, in the exercise of discretion, impose frivolous appeal sanctions (22 NYCRR 130-1.3) against defendants of $10,000, payable to the Clerk of the Court for transmittal to the Commissioner of Taxation and Finance (see e.g. Matter of Del Monaco v Diamond, 162 AD3d 561 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024