Matter of Powell (Nancy K.) (2024 NY Slip Op 24198)

[*1]

Matter of Powell (Nancy K.)

2024 NY Slip Op 24198

Decided on July 12, 2024

Supreme Court, Nassau County

Knobel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 12, 2024
Supreme Court, Nassau County

In the Matter of the Appointment of Judith L. Powell, 
 as Guardian for the Personal Needs and LLOYD J. WEINSTEIN as Guardian for the Property Management of Nancy K., An Incapacitated Person, now deceased.

Index No. 850023-I-2021

Counsel for nonparty movant William McEnaney
Donald Novick, Esq. 
Firm Name: NOVICK & ASSOCIATES, P.C. 
Address: 202 E. Main Street Suite 208, Huntington, NY 11743 
Phone: 631-547-0300 Fax: 631-547-0212
E-mail: 
DNovick@novicklawgroup.com
Counsel for nonparty movant William McEnaney
Albert Vincent Messina, Esq.
Firm Name: NOVICK & ASSOCIATES, P.C. 
Address: 202 E. Main Street Suite 208, Huntington, NY 11743 
Phone: 6315470300 Fax: 631-547-0212
E-mail: AMessina@novicklawgroup.com
amessina@novicklawgroup.com
Court Appointed Counsel for Nancy K., an Incapacitated Person now deceased
Elisa Strassler Rosenthal, Esq.
Firm Name: Rosenthal Law LLC 
Address: 1050 Franklin Ave Ste 302, Garden City, NY 11530 
Phone: (516) 361-6606 E-mail:ERosenthal@elderlawflg.com
Court Appointed Trial Counsel for Nancy K., Alleged Incapacitated Person
Brian R. Heitner, Esq.
Firm Name: SELTZER SUSSMAN HABERMANN & HEITNER LLP 
Address: 100 Jericho Quad Suite 226, Jericho, NY 11753 
Phone: 516-935-3600 Fax: 516-933-3030
E-mail: Bheitner@sshlaw.com
Property Management Guardian 
Lloyd Jeffrey Weinstein, Esq.
Firm Name: THE WEINSTEIN GROUP, P.C. 
Address: 6800 Jericho Tpke Ste 112w, Syosset, NY 11791 
Phone: (516) 802-5330 E-mail: ljw@theweinsteingroup.net

Gary F. Knobel, J.

Papers Considered:
Order to Show Cause and Moving Papers 1
Affirmation in Opposition by Elisa Rosenthal 2
Memorandum of Law in Opposition by Elisa Rosenthal and Exhibits 3
Affirmation in Opposition by Judith Powell and Exhibits 4
Cross-Motion 5
Memorandum in Opposition to Motion and Support of Cross-Motion by Lloyd Weinstein 6
Affirmation in Opposition to Cross-Motion, Exhibits, and Memorandum of Law 7
Reply Memorandum of Law by Lloyd Weinstein 8
Affirmation in Reply by Elisa Rosenthal and Exhibits. 9
Non-party William McEnaney moves by order to show cause pursuant to CPLR § 5015. for an order vacating the order of this Court dated October 31, 2022 (Knobel, J.) which prohibited Mr. McEnaney from visiting Nancy K., an incapacitated person who died after the cross-motion was filed but before the motions were returnable.
Lloyd J. Weinstein, Esq., the property management guardian for Nancy K. cross-moves for an order, pursuant to Mental Hygiene Law §§ 81.09(f) and 81.10(f), surcharging William McEnaney the sum of $398,521.46 for his purported meritless original cross-petition and other applications to this Court in this Mental Hygiene Law Article 81 guardianship proceding. Counsel for Nancy K. joins in the cross-motion to the extent of requesting sanctions pursuant to 22 NYCRR 130.1.1 in the form reimbursement of the costs (e,g,, attorneys fees) incurred by the guardianship estate for the allegedly frivolous motion brought by McEnaney and his counsel, Donald Novick, Esq.
Unfortunately, between the time of the signing of the order to show cause and the hearing date, Nancy K. passed away; therefore the relief requested in the moving order to show cause by McEnaney (motion sequence 44) is moot.
However, the cross-motion by the property guardian has not been withdrawn - whether Mr. McEnany, and/or counsel to Mr. McEnany, should be surcharged for bringing the motion at [*2]bar to vacate the October 31, 2022, order, as well as all the applications made by McEnaney in this proceeding. 
This Court deems the cross-motion by the property guardian to include an alternative request for the imposition of costs and sanctions pursuant to 22 NYCRR 130-1.1, and as such is granted to the extent indicated below. The Court notes that McEnaney and his attorney were on notice of the requests at bar for an award of costs and the imposition of sanctions and thus were afforded an opportunity to be heard and oppose those requests (see, Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church of City of NY v 198 Broadway, 76 NY2d 411, 413 [1990]; Matter of Ruth S. (Sharon S.), 125 AD3d 978, 980).
22 NYCRR § 130-1.1 states, in pertinent parts, the following:
"(a) The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this Part [emphasis added] . . . .
(b) The court, as appropriate, may make such award of costs or impose such financial sanctions against either an attorney or a party to the litigation or against both [emphasis added]. Where the award or sanction is against an attorney, it may be against the attorney personally or upon a partnership, firm . . . . with which the attorney is associated and that has appeared as attorney of record. The award or sanctions may be imposed upon any attorney appearing in the action or upon a partnership, firm or corporation with which the attorney is associated.
(c) For purposes of this Part, conduct is frivolous if:
(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law [emphasis added];
(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or(3) it asserts material factual statements that are false [emphasis added].
. . . In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, or should have been apparent, or was brought to the attention of counsel or the party [emphasis added].
(d) An award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard. The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case."
This Court finds that the lack of legal or factual basis in the motion by nonparty McEnaney "was apparent or should have been apparent" (Matter of Kover, 134 AD3d 64, 74, 19 N.Y.S.3d 228 [1st Dept 2015]).
On December 15, 2021, this Court issued an order setting aside the marriage of Nancy K. [*3]to McEnaney, and revoking the health care proxy and power of attorney designating Mr. McEnaney as her agent and attorney, all on the grounds that she lacked capacity to enter into these agreements (see, Matter of Nunziata (Nancy K.), 74 Misc 3d 255, 159 N.Y.S. 3d 625 [Sup Ct Nassau County, December 15, 2021, Knobel, J.]). As part of that decision and order, this Court dismissed McEnaney's cross-petition to become the guardian for Nancy K. and ordered McEnaney to vacate the home of Nancy K. within a certain time-frame, and not act adversely to Nancy K.'s person and property (id).
Thereafter, on October 17, 2024, this Court (Knobel, J.), pursuant to an order to show cause and after a hearing and an agreement between the parties, signed a long form order which ordered inter alia that "William McEnaney is no longer an interested party in the guardianship proceeding," that McEnaney and his counsel would no longer have access to any documents in this proceeding on NYSCEF under the index number of this proceeding, and most importantly as it pertains to McEnaney's motion at bar, "that in accordance with the agreement reached by the parties through their respective counsel, any visitation that may occur between WILLIAM MCENANEY AND NANCY K. shall be done in the presence of an aide, the Personal Needs Guardian or a staff member of any facility in which NANCY K. resides, and that any visit shall be done only in the designated visiting area of the facility . . . "
The subject order dated October 31, 2022, which McEnaney seeks to vacate, states the following:
"After receiving an urgent communication from JUDITH L. POWELL, the personal needs guardian for NANCY K, an incapacitated person, requesting an immediate conference on the grounds that WILLIAM McENANEY allegedly violated court orders prohibiting the physical touching of NANCY K, and that he failed on Friday, October 21, 2022, to restrict his visits with NANCY K. to the designated common areas of the facility, the Court sua sponte directed that the personal needs and property management guardians, the geriatric care manager and counsel for NANCY K. appear virtually for an emergency hearing on Monday, October 24, 2022; and"
"After hearing statements, comments and requests on the record from the personal needs guardian, the geriatric care manager, and the attorneys representing NANCY K., an incapacitated person, regarding WILLIAM McENANEY'S alleged violations of prior court orders and his purported failure to restrict visits to the designated common areas of the facility, and whether NANCY K. should remain in the assisted living facility she is currently residing in; and "
"In view of this Court's interim order on May 22, 2022 (Knobel, J.), permitting WILLIAM McENANEY to visit NANCY K. at Sunrise of Plainview, but restricting said visits to the common areas of the facility and banning any physical contact with NANCY K.; and "
"In view of this Court's order of August 9, 2022 (Knobel, J.), following a hearing held on July 6, 2022, which granted permission to the personal needs guardian to relocate NANCY K. to Sunrise of Crestwood in Yonkers, New York, said relocation having occurred on August 18, 2022; and"
"In view of this Court's order dated October 17, 2022 (Knobel, J.), which permitted supervised visitation by WILLIAM McENANEY, restricted visitation to the designated visiting areas of Sunrise of Crestwood, and held that WILLIAM McENANEY is no longer an interested party in this proceeding, and"
"In view of the testimony adduced at the October 24, 2022, hearing about WILLIAM McENANEY'S violations of this Court's orders regarding visitation, and in light of NANCY K.'S suffering from the final stages of dementia, it is
"ORDERED, that WILLIAM McENANEY may not visit or communicate with NANCY K. until further Order of this Court; and it is further
"ORDERED, that WILLIAM McENANEY shall not be permitted entry into any facility in which NANCY K. is either a resident or patient for the purpose of visiting, contacting, communicating, or physically touching NANCY K., without further Order of this Court; and it is further
"ORDERED, that no interested parties in this case shall be permitted to advise WILLIAM McENANEY of NANCY K.'s location, her medical condition or physical condition without further Order of this Court."
To prevail on a motion to vacate an order pursuant to CPLR § 5015 (a), an "interested person" must show inter alia (1) excusable default; or (2) newly-discovered evidence; or (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) lack of jurisdiction to render the judgment or order; or (5) reversal, modification or vacatur of a prior judgment or order upon which it is based. 
McEnaney's attorney, Donald Novick, Esq., claims that he never received the October 31 order with a notice of entry.
"An affidavit of service constitutes prima facia evidence of proper service and the mere denial of receipt of service is 'insufficient to rebut the presumption of proper service created by a properly-executed affidavit of service'" (Matter of de Sanchez, 57 AD3d 452, 454, 870 N.Y.S.2d 24 [1st Dept. 2008], quoting De La Barrera v. Handler, 290 AD2d 476, 477, 736 N.Y.S.2d 249 [2d Dept. 2002]). Denial of receipt is insufficient to rebut this presumption or to raise a question of fact requiring a hearing (Kihl v. Pfeffer, 94 NY2d at 122, 700 N.Y.S.2d 87, 722 N.E.2d 55; Rizzo v. Rizzo, 176 AD3d 989, 989, 108 N.Y.S.3d 361; Nation Star Mtge., LLC v. Yarmosh, 208 AD3d 885, 887-88 [2d Dept. 2022]).
Elisa Rosenthal, Esq., co-counsel for Nancy K., claims, and has furnished proof, that the affidavit of service of the subject October 31, 2022, order, along with the notice of entry, were served upon, and mailed, to McEnaney's counsel. McEnaney does not refute this and does not challenge the reliability or authenticity of Ms. Rosenthal's affidavit of service. Moreover, McEnaney's counsel filed a notice of appeal with the Appellate Division, Second Department, (which was never perfected) regarding the October 31, 2022, order, and annexed to the notice a copy of the notice of entry and the order McEnaney claims he did not receive. Not only is it clear that McEnaney was served with this Court's order of October 31, 2022, McEnaney waited more than a year before filing the instant application. McEnaney and his counsel did not proffer a reasonable excuse for the vast amount of time in which he did not take any action to modify or vacate the October 31 order after receiving notice of the order.
Consequently, this Court finds - given the context of the visitation issues and directives in the orders of this Court dated October 17 and 31, 2022, and in view of the false and misleading statements made by McEnaneys counsel, Donald Novick, Esq., and the clear evidence that McEnaney's counsel were aware of the October 31, 2022, order for over 13 months before bringing the untimely and meritless motion at bar — that McEnaney's motion at bar is a classic example of frivolous conduct (see, Matter of Ruth S. (Stein), 181 AD3d 943, 944; see [*4]also Matter of Diontae B.P. (Jil P.), 215 AD3d 681, 683; Rooney v. Ying Zhou, 222 AD3d 678, 682
Accordingly, it is
ORDERED that the motion by nonparty McEnaney for an order vacating the order of this court dated October 31, 2024 (Knobel, j.) is denied; and it is further
ORDERED that the cross-motion by the property guardian, joined in by counsel for the deceased incapacitated person, for an order awarding costs and imposing sanctions is granted to the extent that the Court finds that the motion by McEnaney was frivolous, and it is further
ORDERED that Donald Novick, Esq., is sanctioned in the amount of $2,500.00 and said sanction be paid immediately to the Lawyer's Fund for Client Protection, 119 Washington Avenue, Albany, NY 12210 (see Teshabaeva v. Family Home Care Servs. of Brooklyn & Queens, Inc., NY2024 NY Slip Op 02610 [1st Dept. May 9, 2004]; and it is further
ORDERED that written proof of the payment of this sanction shall be provided to this court and opposing counsel within thirty (30) days after service of a copy of this order with notice of entry; and it is further
ORDERED that in accordance with 22 NYCRR 130-1.3, a copy of this order will be sent by this court to the Lawyer's Fund for Client Protection; and it is further
ORDERED that William McEnaney is sanctioned $1500.00 for bringing his frivolous, untimely and meritless motion to vacate the order of this court dated October 31, 2022, and it is further
ORDERED that William McEnaney immediately pay that amount in a check payable to the Clerk of the Court for transmittal to the Commissioner of Taxation and Finance (see, Neckles v. Neckles, — AD3d — 2024 NY Slip Op 02824 [2nd Dept. May 22, 2024].
The foregoing constitutes the decision and order of this court. 
ENTER
DATED: July 12, 2024
HON. GARY F. KNOBEL J.S.C.