Finn v Wilmington Sav. Fund Socy., FSB (2024 NY Slip Op 04247)

Finn v Wilmington Sav. Fund Socy., FSB

2024 NY Slip Op 04247

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-02410 
2021-02411
2021-02562
 (Index No. 36782/19)

[*1]Patricia Finn, appellant, 
v
Wilmington Savings Fund Society, FSB, etc., et al., respondents.

Patricia Finn, Nanuet, NY, appellant pro se.
Akerman LLP, New York, NY (Ashley S. Miller and Jordan M. Smith of counsel), for respondent Wilmington Savings Fund Society, FSB.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Eric J. Mandell of counsel), for respondents Raymond Labella and Naomi Camilleri.
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated March 9, 2021, (2) a money judgment of the same court dated March 12, 2021, and (3) a money judgment of the same court dated April 4, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to reargue her opposition to the separate motions of the defendants Raymond Labella and Naomi Camilleri and the defendant Wilmington Savings Fund Society, FSB, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them and to impose sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1, which had been granted in an order of the same court dated September 9, 2020. The money judgment dated March 12, 2021, is in favor of the defendants Raymond Labella and Naomi Camilleri and against the plaintiff in the total sum of $7,047.50. The money judgment dated April 4, 2021, is in favor of the defendant Wilmington Savings Fund Society, FSB, and against the plaintiff in the total sum of $7,881.30.

DECISION & ORDER
Separate motions by the defendants Raymond Labella and Naomi Camilleri and by the defendant Wilmington Savings Fund Society, FSB, inter alia, to dismiss the appeal from the order dated March 9, 2021, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated May 4, 2022, those branches of the motions were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motions and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that those branches of the motions which are to dismiss the appeal from [*2]the order dated March 9, 2021, are granted; and it is further,
ORDERED that the appeal from the order dated March 9, 2021, is dismissed; and it is further,
ORDERED that the appeals from the money judgments are dismissed; and it is further,
ORDERED that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.
A predecessor in interest of Wilmington Savings Fund Society, FSB (hereinafter Wilmington), to a mortgage on certain property located in Piermont commenced an action against Patricia Finn, among others, to foreclose that mortgage (hereinafter the foreclosure action). Subsequently, Wilmington was substituted as the plaintiff in place of its predecessor in interest, an order and judgment of foreclosure and sale dated March 23, 2015, was entered, and a foreclosure sale was conducted, at which Wilmington was the highest bidder. By deed dated December 3, 2018, Wilmington conveyed title to the property to Raymond Labella and Naomi Camilleri (hereinafter together the Labella defendants). In a decision and order dated March 27, 2019, this Court affirmed the order and judgment of foreclosure and sale (see Wilmington Sav. Fund Socy., FSB v Finn, 170 AD3d 1246).
In December 2019, Finn commenced this action against Wilmington and the Labella defendants, inter alia, pursuant to RPAPL article 15 to quiet title to real property, alleging that Wilmington was "without title or possession" to a portion of the property that it had conveyed to the Labella defendants, as that portion was "never encumbered by the mortgage or part of the foreclosure [action], and was never authorized by the Court to be sold to [the Labella defendants]." The Labella defendants and Wilmington separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them and to impose sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1. Finn opposed the motions. In an order dated September 9, 2020, the Supreme Court granted those branches of the motions of the Labella defendants and Wilmington which were to dismiss the complaint insofar as asserted against each of them, determining that the action was barred by the doctrines of res judicata and collateral estoppel. The court further granted those branches of the separate motions which were to impose sanctions against the plaintiff, determining that the action was frivolous pursuant to 22 NYCRR 130-1.1, and awarded the Labella defendants and Wilmington "reasonable expenses and attorneys' fees," subject to the "submission of affidavits of legal services within 20 days." Finn appealed from the order dated September 9, 2020, and that appeal was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
Finn moved, inter alia, for leave to reargue her opposition to the separate motions of the Labella defendants and Wilmington. In an order dated March 9, 2021, the Supreme Court, among other things, denied that branch of Finn's motion. Additionally, based on their submissions, the court determined that the Labella defendants were entitled to an award of attorneys' fees in the sum of $7,047.50, and that Wilmington was entitled to an award of attorneys' fees in the sum of $7,881.30. Thereafter, a money judgment dated March 12, 2021, was entered in favor of the Labella defendants and against Finn in the total sum of $7,047.50, and a separate money judgment dated April 4, 2021, was entered in favor of Wilmington and against Finn in the total sum of $7,881.30. Finn appeals from the order dated March 9, 2021, as well as the two money judgments.
The appeal from the order dated March 9, 2021, must be dismissed, as no appeal lies from an order denying reargument (see U.S. Bank N.A. v Montalvo, 216 AD3d 1204, 1206; HSBC Bank USA, N.A. v Nieves, 199 AD3d 665, 666).
We decline to consider any issue regarding the separate motions of the Labella defendants and Wilmington that were determined in the order dated September 9, 2020, to the extent that Finn raises such issues, as Finn's appeal from that order was dismissed for lack of prosecution (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750, 754; Bray v Cox, 38 NY2d 350, 353). [*3]Accordingly, since Finn's brief fails to set forth any argument regarding the amount of the attorneys' fees awarded in the money judgments, the appeals from those money judgments must be dismissed (see Matter of Milton R., 197 AD3d 1174, 1175; Nugent v Diocese of Rockville Ctr., 137 AD3d 760, 760; Ellner v Schwed, 48 AD3d 739, 740).
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court